UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SUNEDISON, INC., SECURITIES LITIGATION                    MDL No. 2742

TRANSFER ORDER

**Before the Panel**: Plaintiff SESL Recovery, Inc., in a Northern District of California action (*SESL Recovery*) listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring its action to MDL No. 2742. Sole defendant Deutsche Bank Securities, Inc. (DBSI), opposes the motion.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2742, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions sharing factual questions arising from allegedly inaccurate statements concerning SunEdison's operational and financial condition (*e.g.*, its liquidity, classification of debt, and internal financial control), as well as the propriety of its public filings. The centralized actions involved various transactions, offerings and statements made in the roughly ten-month period before SunEdison filed for bankruptcy relief. *In re: SunEdison, Inc., Sec. Litig.*, 214 F. Supp. 3d 1350, 1351 (J.P.M.L. 2016). *SESL Recovery* concerns a $725 million loan, the Second Lien Facility, made to SunEdison and facilitated by DBSI about three months before SunEdison declared bankruptcy. DBSI allegedly failed to disclose its knowledge of SunEdison's deteriorating financial condition. *SESL Recovery* thus implicates "factual issues arising from allegedly inaccurate statements concerning SunEdison's operational and financial condition." *Id.*

Plaintiff argues primarily that its action focuses only on representations about the Second Lien Facility, which is not part of the MDL, and consequently there is no significant factual overlap with the remaining MDL cases. Plaintiff also argues that transfer will burden it. We disagree. DBSI is a defendant in several MDL actions, which is unsurprising given its alleged role as SunEdison's "longtime, go-to investment bank." *SESL Recovery*, Complaint at ¶ 2. While the Second Lien Facility has not been the focus of the MDL actions to date, it was mentioned as background in the now-dismissed *Omega Capital Investors, L.P. et al. v. SunEdison, Inc., et al.*, S.D. New York, Case No. 16-7428, as well as in two other individual securities actions, *Canyon* and *Kearny*.[1] We have long held that

---

[1] *See Canyon Capital Advisors LLC v. TerraForm Global, Inc.*, No. 1:16-cv-09171, Compl. ¶ 121 ("On January 7, 2016, SUNE announced a series of complex financing transactions to improve its near-term liquidity crisis, paying an effective debt cost of more than 20% and diluting shareholder interests by at least 21% to raise funds it needed."); *Kearny Investors S.A.R.L. v. Goldman Sachs &*
(continued...)

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

- 2 -

"Section 1407 does not require a complete identity or even majority of common factual and legal issues." *In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010). Here, there is sufficient factual overlap with the MDL actions. The Second Lien Facility at issue in *SESL Recovery* represents one of the "transactions . . . made in the roughly ten-month period before SunEdison filed for bankruptcy relief." *In re Sunedison*, 214 F. Supp. 3d at 1352. Judge Castel, who is deeply familiar with all aspects of litigation surrounding SunEdison, can accommodate any unique aspects of *SESL Recovery*, should such a need arise.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

---

[1](...continued)
*Co.*, No. 1:16-cv-09566, Compl. ¶ 104 (same).

IN RE: SUNEDISON, INC., SECURITIES LITIGATION  MDL No. 2742

## SCHEDULE A

<u>Northern District of California</u>

SESL Recovery, LLC v. Deutsche Bank Securities, Inc., C.A. No. 3:19-96